IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ESCOBAR; JAIME VASQUEZ; ZOSI AMBROSIO; GERMAN ESCOVAR; MARTHEL; EUDORO RODRIGUEZ; GABRIEL MEDINA; JOSE CUEVAS ESTRADE;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. C 11-2940 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Pedro Escobar, Jaime Vasquez, Zosi Ambrosio, German Escovar, Marthel, Eudoro Rodriguez, Gabriel Medina, and Jose Cuevas Estrade, federal detainees located at the Santa Clara County Jail, have filed a pro se civil rights complaint for injunctive relief under 42 U.S.C. § 1983. They allege that they are being wrongfully detained for being responsible for the terrorist attacks of September 11, 2001, and that they have inadequate access to the law library, medical care and dental care. The Court now reviews the complaint and dismisses it without prejudice. Escobar has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2

## II. <u>Legal Claims</u>

As an initial matter, the Court finds that Plaintiffs should proceed in separate cases. Because Plaintiffs have limited access to one another and, as pro se litigants, cannot represent each other in these proceedings, basic case management principles of delay reduction and avoidance of confusion call for the Plaintiffs' claims to proceed separately. Accordingly, Vasquez, Ambrosio, Escovar, Marthel, Rodriguez, Medina, and Estrade will be dismissed as Plaintiffs from this action without prejudice to their each filing their own new cases in which they are the only Plaintiff and in which they state cognizable claims for relief.

Escobar may also not proceed with this action because he has not stated a cognizable claim for relief. His allegations that he is innocent of charges of terrorism, to the extent he is being detained based on such charges, are properly brought in a federal petition for a writ of habeas corpus, not a civil rights action. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release"); *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges implicating the fact or duration of confinement must be brought through a habeas petition). His other allegations are too general to proceed. He alleges inadequate access to a law library, but he does not allege which of the many Plaintiffs have had their access limited, what damage or injury to any case in state or federal court or state court such limitations have caused, when the access was limited, or who limited their access to the law library. He alleges that it takes "weeks" to see a doctor, and that there are a number of dental procedures that are not provided, but he has not alleged any illness he suffers from, any particular medical or dental treatment that was denied to him, or who denied him such treatment. Escobar's allegations are no more than the sort of "labels and conclusions" that are insufficiently specific and are too formulaic to comply with the requirements of Rule 8(a) for stating a cognizable claim for federal relief. *See Twombly*, 127 S. Ct. at 1964-65. Consequently, Escobar's complaint will be dismissed without

prejudice to refiling in a complaint in which he is the only plaintiff and in which his claims allege sufficient facts to comply with the requirements of Rule 8(a).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 30, 2011

JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PEDRO M ESCOBAR,

        Plaintiff,

  v.

UNITED STATES OF AMERICA et al,

        Defendant.
                                       /

Case Number: CV11-02940 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pedro Escobar
Santa Clara County Jail
#09031136 DZJ415
885 N San Pedro
San Jose, CA 95110

Dated: June 30, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk